Filed 2/17/22  P. v. Abdullah CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HANIF SALADIN ABDULLAH,<br><br>    Defendant and Appellant. | B308415<br><br>(Los Angeles County<br>Super. Ct. No. NA039782) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Hanif Saladin Abdullah of first degree burglary and the trial court sentenced him, in part under the "Three Strikes" law, to 35 years to life.  Abdullah petitioned for resentencing under Penal Code[1] section 1170.91, which allows certain veterans who were convicted of a felony to request resentencing if, as a result of their service, they suffer from substance abuse or other enumerated problems.  The trial court denied the petition and Abdullah appealed.  Because section 1170.91 does not permit resentencing where, as here, the petitioner was sentenced for an indeterminate term imposed under the Three Strikes law, we affirm.

## BACKGROUND

### A.    *Abdullah's burglary conviction and original sentence*

In 1999, Abdullah entered a victim's residence while the victim was home.  Abdullah tried to steal a VCR, but the victim apprehended him.

An information charged Abdullah with one count of first degree burglary.  (§ 459.)  It alleged that Abdullah suffered three prior serious felonies pursuant to the Three Strikes law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)) and served multiple prior prison terms (§ 667.5).  A jury found Abdullah guilty of first degree burglary and the three prior strike convictions were found true after a court trial.

The trial court sentenced Abdullah to 25 years to life under the Three Strikes law.  (§§ 667, subds. (b)–(i), 1170.12.)  The trial court also imposed two five-year terms pursuant to section 667, subdivision (a)(1), for a total of 35 years to life.

---

[1] All further statutory references are to the Penal Code.

**B.** *Abdullah's motion for resentencing*

In 2019, Abdullah filed a petition for writ of habeas corpus in the trial court to recall his sentence under section 1170.91. The court appointed counsel and Abdullah filed a motion for resentencing under the same section.

The court held a resentencing hearing pursuant to section 1170.91. Abdullah and his counsel were present. The court indicated that it had considered Abdullah's petition and supporting documentation. Before hearing argument, the trial court stated, "I recognize that Mr. Abdullah did have and hopefully has overcome, but at the time of this crime, had a drug problem. [¶] I don't read 1170.91 to read that if that drug problem is . . . a result of his service then he deserves resentencing. [¶] I read 1170.91 to say if the trauma of the service had some direct effect on the commission of the crime, then we can consider some form of resentencing. [¶] I don't necessarily equate drug use or drug addiction with the trauma from the service that would necessitate someone to be resentenced."

The prosecutor agreed with the court's assessment that Abdullah had not established a connection between his military service and his criminal history. The prosecutor also noted Abdullah's long criminal history across three states that included forgery and theft, which may have been related to addiction, but were not drug offenses. The prosecutor also pointed out that Abdullah had a history of residential burglaries that occurred while the residents were home. However, the prosecutor acknowledged that "[t]his is a different time and place and [Abdullah] is 72 and if the court feels that it is appropriate to resentence him, I would submit."

3

Abdullah's counsel conceded that there was nothing specific connecting Abdullah's drug and addiction and subsequent criminal history to his military service. However, counsel noted that Abdullah had no criminal record prior to his military service, that Abdullah saw active combat during the Vietnam War, and his criminal activity began with drug use and proceeded to theft after his military service had ended. Counsel also asked the court to consider that no one was harmed during the commission of the crime and that the victim felt that Abdullah had served his time and repaid his debt to society.

## C.    *The trial court's decision on Abdullah's resentencing petition*

The court denied Abdullah's motion for resentencing under section 1170.91 but struck his two five-year terms. This reduced the sentence from 35 years to life down to 25 years to life.

Prior to issuing its decision, the court noted that all of Abdullah's prior convictions were violent offenses. The court also noted that Abdullah's motion to dismiss priors under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 had been denied in 1999.

The court then explained the reasons it was denying the motion to resentence under section 1170.91: "So I'm not willing, because I don't see the evidence here, to say that your commission of this crime was as a result of your service in Vietnam. I recognize that you have a drug problem. But there were lots of people who have drug problems in that day and age regardless of whether they served, and that drug problem isn't what I am seeing in here necessarily the cause of these burglaries. [¶] What I do see—and I'm willing to do this for you—is that because you're back here on a law that allows me to

4

resentence you, if I had chosen to do so.  You got two five-year state prison priors.  That is how you got to the 35 years to life.  I will strike those.  [¶]  If that helps you when you get to the time when you're being up for parole, hopefully that may do so.  I don't know.  But instead of it being . . . a 35-year-to-life, I'll sentence you to 25 years to life."

## DISCUSSION

Abdullah argues that the trial court abused its discretion by denying his section 1170.91 petition, or alternatively, by failing to hold an evidentiary hearing on the petition.  The argument lacks merit because Abdullah was ineligible for resentencing under section 1170.91.[2]

## I.     Section 1170.91 permits resentencing of military veterans in certain circumstances

Section 1170.91 is a statutory provision that requires sentencing courts, effective January 1, 2015, to "consider any trauma, substance abuse, and mental health problems caused by a defendant's service in the United States military as mitigating factors weighing in favor of a low-term sentence." (*People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 238.)  The Legislature later amended that statute "to allow people sentenced before

---

[2] The People did not raise before the trial court the issue of the inapplicability of section 1170.91 to Abdullah's sentence and the trial court did not rule on that basis.  The People, however, briefed this issue in its respondent's brief on appeal and Abdullah opted not to file a reply brief.  Under these circumstances we consider this legal issue, which is fatal to Abdullah's appeal and his motion for resentencing.  (See *People v. Zamudio* (2008) 43 Cal.4th 327, 351, fn. 11 [ruling will be affirmed if correct on any ground, including a ground different than the one the trial court considered].)

5

January 1, 2015, to petition for a resentencing hearing in which the court takes into account mitigating factors related to military service." (*Ibid*.)

If the trial court concludes before the original sentence that a felony defendant may be suffering from substance abuse (or other enumerated problems) as a result of military service, the court shall consider that fact in mitigation "when imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).) When the issue is raised on a request for resentencing, the statute provides: "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from . . . substance abuse, or mental health problems *as a result of his or her military service* may . . . request resentencing *pursuant to subdivision (a)*" (§ 1170.91, subd. (b)(1), italics added) so long as the defendant meets two criteria: first, that this circumstance "was not considered as a factor in mitigation at the time of sentencing" (§ 1170.91, subd. (b)(1)(A)) and second, that the "person was sentenced prior to January 1, 2015" (§ 1170.91, subd. (b)(1)(B)).

Upon receipt of a section 1170.91 petition, the trial court must hold a hearing. (§ 1170.91, subd. (b)(3).) If the court determines that the defendant may be suffering from substance abuse or other enumerated problems as a result of his military service, the court must consider this as a mitigating factor at sentencing. Where trial courts fail to comply with their mandatory duty, the case should be remanded for resentencing even if counsel failed to call specific attention to the oversight. (*People v. Bonilla-Bray*, *supra*, 49 Cal.App.5th at p. 239.)

6

We review a trial court's sentencing decision for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.'" (*Ibid.*)

## II. Abdullah was ineligible for resentencing under section 1170.91 due to the nature of his sentence.

Abdullah argues that the trial court incorrectly focused on whether the trauma of military service led to the commission of the crime, a test that does not appear in the statute. Abdullah is correct that the statute requires the trial court to consider a different question: whether the petitioner suffered from "substance abuse . . . as a result of his or her military service." (§ 1170.91, subd. (b)(1).) If so, the petitioner is entitled to have the trial court consider this in mitigation. (*Ibid*.)

Abdullah's claim of error is unavailing, however, because he was not eligible for resentencing under section 1170.91. Only those persons subject to a determinate sentence under section 1170, subdivision (b) are eligible for resentencing and Abdullah is not one of those persons.

Case law has recognized this limitation imposed by the statutory language. "The plain language of the statute is clear. A defendant meeting section 1170.91 subdivision (b)(1)'s requirements may obtain 'resentencing pursuant to subdivision (a).' [Citation.] In turn, subdivision (a) of the statute provides that the trial court shall consider mitigating factors related to the defendant's military service 'when imposing a term under subdivision (b) of Section 1170.' [Citation.] In other words,

7

section 1170.91 only applies to determinate terms imposed under section 1170, subdivision (b)." (*People v. Estrada* (2020) 58 Cal.App.5th 839, 842–843, italics omitted; accord, *People v. Stewart* (2021) 66 Cal.App.5th 416, 425–426 [person sentenced under Three Strikes law ineligible for resentencing under § 1170.91 when there is no basis for imposing a determinate sentence].)

Abdullah was not sentenced to a determinate term under section 1170, subdivision (b).  Instead, Abdullah was sentenced as a third-strike defendant to an indeterminate term of 25 years to life under section 1170.12.[3]  Abdullah does not argue on appeal that there is now any basis to resentence him under section 1170, subdivision (b) rather than section 1170.12.  Because the resentencing provisions set forth section 1170.91 apply only to a sentence imposed under section 1170, subdivision (b), they do not apply to Abdullah's indeterminate sentence.

Abdullah asserts that the court could have recalled his sentence and granted a renewed *Romero* motion to strike one or both of his strike priors, which would make him immediately eligible for release and bring him within the ambit of section 1170.91's provisions.  However, "[s]ection 1170.91 is not a vehicle for obtaining the opportunity to make a *Romero* motion." (*People*

_____

[3] Section 1170, subdivision (b), imposes a determinate sentence of a fixed number of years, setting forth the criteria a trial court must use in choosing the number of years.  By contrast, the Three Strikes law mandates an indeterminate term of life imprisonment for third-strike defendants.  (§§ 667, subd. (e)(2)(A) [mandating an "indeterminate term of life imprisonment" with certain minimums], 1170.12, subd. (c)(2)(A) [same].)

8

*v. Stewart*, *supra*, 66 Cal.App.5th at p. 424.)  This argument, therefore, provides no basis to disturb the trial court's ruling.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


LIPNER, J.*


We concur:



LAVIN, Acting P. J.



EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.